UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 08-10034-CIV-KING/WHITE

ROBERT MICHAEL SHEPARD,

    Plaintiff,

v.

SHERIFF BOB PERYAM,
DIRECTOR KEENA ALLEN,
LINDA ALVAREZ, and
MICHELLE PARKS,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon the August 20, 2009 Report and Recommendation of Magistrate Judge Patrick A. White (DE # 142) recommending that Defendant Alvarez's Motion for Summary Judgment (DE # 81) be granted; Defendants Allen and Roth's Joint Motion for Summary Judgment (DE # 88) be granted; Defendant Parks' Motion to Dismiss, or Alternatively for Summary Judgment (DE # 95) be granted; Prisoner Plaintiff's request for preliminary injunctive relief be denied; and all pending motions, not otherwise ruled upon by separate order, be dismissed, as moot. Plaintiff Objected (DE #146) on August 28, 2009. On September 8, 2009 Defendants Parks and Alvarez Responded (DE # 147). Plaintiff Replied (DE # 148) on September 14, 2009.

As factual background, Plaintiff's Complaint requested injunctive relief for the

alleged denial of (i) religious services; (ii) prayer beads; (iii) a prayer rug; (iv) a prayer cap; and (v) a Kosher diet. In the Report and Recommendation, Judge White held that Defendants were not individually or officially liable for a denial of these rights. Specifically, Judge White found that the religious services requested did not occur because Monroe County Detention Center ("MCDC") depends entirely on volunteer religious leaders and there were no volunteer leaders from the Muslim faith. Judge White further held that this policy was reasonable. Next, Judge White found that there is an MCDC policy prohibiting the use of any headwear for security reasons and held that this policy is reasonable. Third, Judge White held that the MCDC policy requiring all prayer beads to be breakaway for security and health purposes was reasonable. Judge White found that Defendants are not responsible for Plaintiff's failure to procure the approved breakaway beads. Fourth, Judge White held that the MCDC's policy prohibiting the use of prayer rugs was reasonably related to a valid governmental security concern. Moreover, Judge White found that Plaintiff was offered an alternative; the use of a towel. Plaintiff presented evidence that this alternative was not working, but the court held that "the fact that the alternative program offered did not work seamlessly at all times does not render the MCDC no-rug policy unconstitutional." (Report and Recommendation at 23.) Finally, Judge White found that an inmate's ability to have a Kosher diet was subject to revocation under the MCDC policy if he ate non-Kosher food. Judge White held that this policy did not violate Plaintiff's First Amendment rights.

Plaintiff's Objection to the Report and Recommendation (DE #146) and Reply (DE # 148) discuss his disagreement with these MCDC policies. We, however, agree with Judge

White that these policies are all reasonable.

Plaintiff further contends that based on the specific facts in this case, Plaintiff's Kosher diet should not have been revoked. Both parties agree that Plaintiff was initially approved for and provided a Kosher diet. Plaintiff's approval, however, was subsequently revoked under the MCDC policy because Plaintiff ate food other than that provided to him on the Kosher diet. Since this deviation violated the prison regulation, the continued providing of a Kosher diet was revoked. Defendants submitted an affidavit and supplemental affidavit from Defendant Parks stating that she told Defendant Alvarez she observed Plaintiff eating hamburger patties, which were outside the Kosher diet, and she was asked to make a written report of these observations. Her written report was also submitted. Defendants further submitted a memo written by Defendant Alvarez, requesting that Plaintiff be removed from the Kosher diet because he was seen eating things outside of that diet.

In his Objection and Reply, Plaintiff contends that these accusations were "fabricated." He insists that based on the dates of the reports and times he worked in the kitchen, the accusations must be false. After analyzing all the evidence, the trial judge found credible the reports written by Defendant Alvarez and Defendant Parks and the affidavits noting that Plaintiff was seen eating non-Kosher food. As Judge White was the fact finder in this case, we defer to his determinations "unless his understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citations omitted). We find that they are not unbelievable and therefore defer to Judge White's findings of fact.

This Court concludes that the R&R contains thorough and well-reasoned recommendations. Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED as follows:

1. Magistrate Judge Patrick A. White's August 20, 2009 Report and Recommendation (**DE # 142**) be, and the same, is hereby AFFIRMED and ADOPTED.

2. Defendant Alvarez's Motion for Summary Judgment (**DE # 81**) is hereby GRANTED; Defendants Allen and Roth's Joint Motion for Summary Judgment (**DE # 88**) is hereby GRANTED; and Defendant Parks' Motion to Dismiss, or Alternatively for Summary Judgment (**DE # 95**) is hereby GRANTED.

2. The above styled action is hereby DISMISSED.

3. All unresolved motions in this case are hereby DENIED as MOOT.

4. The Clerk of the Court shall CLOSE this case.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22nd day of September, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: Magistrate Judge Patrick A. White

**Robert Michael Shepard, <u>pro se</u>**
Jail No. 7016725
Monroe County Detention Center
H Dorm
5501 College Road
Key West, FL 33040

<u>*Counsel for Defendants*</u>
**Jason L. Scarberry**
Purdy Jolly Giuffreda & Barranco PA
2455 E. Sunrise Boulevard
Suite 1216
Fort Lauderdale, FL 33304

**Edward J. Page**
**Ellen K. Lyons**
Carlton Fields
4221 W. Boy Scout Boulevard
10th Floor - Corporate Center III
Tampa, FL 33067-5736